JOHN EARL HUSKEY V. STATE.
No. 25659. January 23, 1952.

Hon. Lea Boothe, Judge Presiding.

No attorney for appellant of record on appeal.

*James Pearson,* County Attorney, Sweetwater, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for possessing intoxicating liquor for the purpose of sale in a dry area, with punishment assessed at a fine of $400.

Agents of the Texas Liquor Control Board went to the residence of appellant with a view of seeking permission to search it for intoxicating liquor. As to what then happened, we quote from the direct testimony of Agent Backues as follows:

"When I went up to the door of John Earl Huskey's residence in Sweetwater, Nolan County, Texas, his brother, Len Huskey, was there. I told Len Huskey, 'Len, I don't have a search warrant.' He told us that we didn't have to have a search warrant, to come on in and search the premises. Mrs. Huskey was in the front room after going through a little hall intrance way, she was there. We went on in the house and saw the whiskey and beer but we didn't carry anything out and then John Earl Huskey drove up and came in. I told John Earl we didn't have a search warrant but Len said we could search it. John Earl said you didn't have to have a search warrant any time to search his place. We picked up three pints of whiskey, nine pints of gin mixed up, and 263 twelve ounce cans of beer. I was going to file on Len but John said, 'No, it's my stuff and my place. Just file on me and I will take the consequences of it.' "

It is insisted that the testimony as to the finding of the liquor was inadmissible because of an illegal search, and that Len Huskey was without authority to waive warrant for the search of appellant's residence.

It was not necessary to determine this question, because appellant's admission of the ownership and possession of the liquor rendered untenable any objection to the search which did nothing more than establish possession of the liquor in appellant.

Other bills of exception appearing have been examined and are overruled without discussion.

The judgment is affirmed.

Opinion approved by the court.